143 So.2d 498 (1962)
Michael A. NEGRICH, Appellant,
v.
DADE COUNTY BOARD OF PUBLIC INSTRUCTION, an Administrative Agency of the State of Florida, and Joe Hall, Superintendent of the Dade County School System, Appellees.
No. 61-187.
District Court of Appeal of Florida. Third District.
June 5, 1962.
Rehearing Denied August 23, 1962.
*499 L.J. Cushman, Miami, for appellant.
Bolles & Prunty, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by Michael A. Negrich to review a circuit court order denying a petition for writ of certiorari.
The petitioner-appellant filed his petition in the circuit court for Dade County to review the action of the board of public instruction, which discharged him as a teacher in the Dade County school system.
On March 25, 1953, Michael A. Negrich made written application for a position as a teacher in the Dade County school system and stated falsely in his application that he was a citizen of the United States. He also made the same false statement in an undated loyalty oath. Appellant was employed and began teaching in the Dade County schools in the Fall of 1954. In 1957 he obtained permanent teacher status. On August 24, 1960, appellant became a citizen of the United States by naturalization.
On June 17, 1960, Dr. Joe Hall, as Superintendent of the Dade County school *500 system, notified appellant by letter[1] of his suspension and set forth the grounds therein.
Appellant demanded a hearing by the Board of Public Instruction. A hearing was granted and on September 21, 1960, the board adopted a resolution[2] discharging the appellant as a teacher in the Dade County School System. He filed a petition for certiorari in the circuit court for Dade County seeking to review the action of the Board. The petition was denied. It is from that order that this appeal is taken.
The first point urged by the appellant on appeal is that "the statute did not authorize the Board to discharge petitioner-appellant upon the ground relied upon."
Section 230.23(5)(h), Fla. Stat., F.S.A., under which the Board acted sets forth specific charges for the suspension or dismissal of members of the instructional staff.[3] Appellant contends that since he was not charged under any of the seven grounds in the statute, and that the record fails to reveal any charge alleging conduct constituting a ground for discharge he has been unlawfully discharged.
We can not agree with appellant's contention. We hold that the letter from the Superintendent of the Board of Public Instruction which stated that the appellant was being suspended on the ground that "you falsified your records to obtain a position * * *" was sufficient to charge *501 the appellant with immorality even though the word, immorality, was not used in the written charge made against him. Immorality was sufficiently averred if the written statement of the charge served upon appellant set forth such conduct on his part as offends the morals of the community and was inconsistent with moral rectitude. Horosko v. School Dist. of Mt. Pleasant Tp., 335 Pa. 369, 6 A.2d 866. In Appeal of Batrus, 148 Pa.Super. 587, 26 A.2d 121, 122, the court quoted with approval the lower court when it stated:
"`The word "immorality" could have been inserted in the resolution, but it would not have changed the substance of the charges with regard to misrepresentations, false statements, and deception. Nor would it have enlarged [her] opportunity to present her defense at the hearing. * * * The mere failure of the school board in this action to insert the word "immorality" in the notice of charges against her should not defeat the purpose of the law which is designed to give the school board authority to maintain the moral and intellectual standards of teachers.' * * `The profession of teaching is one of the most honorable and highly respected callings in the world. As a general proposition the teachers live up to the high standards of their profession and they are respected and held in high esteem by the communities which they so faithfully serve. A teacher whose ideals of right and wrong are so lax as to permit her to pursue a course of conduct consisting of false affidavits, misrepresentations, withholding important information from her employer, especially when the public is her employer, misrepresenting her true status for the purpose of misleading the [board] is guilty of "such a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and elevate" and therefore immoral.'"
Appellant further contends that even if the proper procedure were followed the charge of immorality can not be established by proof that the appellant falsified his records to obtain his position, as proof that appellant obtained his position by such means is not proof of immorality within the meaning of the statute.
We think this argument is without merit.
Appellant's next contention is that since he had been employed as a teacher for over seven years, he was entitled to a continuing contract by virtue of § 231.36, Fla. Stat., F.S.A.[4]
Appellant argues that he had completed a probationary period of his service in 1957 and held a continuing contract after that date, and no cause for a discharge which had occurred after 1957 was alleged, proved or found, and the proceedings resulting in his discharge were not commenced at least three months before the close of the school during 1960, therefore his discharge was illegal and unlawful.
*502 We cannot agree with appellant's contention that by reason of the continuing contract held by the appellant the proceedings for dismissal must have been commenced at least three months before the close of the school year. Section 231.36(3) which the appellant relies upon to support his position is, in our opinion, not applicable to the facts in the instant case. The statute which governs the proceedings in the case before us is § 230.23(5)(h), supra, and it is the section under which the school board dismissed the appellant. This section provides for the suspension and dismissal of employees of the instructional staff regardless of whether they hold a continuing contract or an annual contract, upon the specific grounds and procedure stated therein.
Section 231.36(3) which the appellant contends the board should have followed provides that one who holds a continuing contract may be dismissed when a recommendation to that effect is submitted in writing to the county school board at least three months before the close of school during any year, giving good and sufficient reason therefor. Under this statute the board could have given the required three months notice stating sufficient reason for his dismissal which reason could have been not mentioned in § 230.23(5) (h). In other words, the grounds for removal under § 231.36(3) are not limited to the seven grounds set forth in § 230.23(5) (h).
The only other question raised by the appellant which we feel requires discussion is whether the cause for discharge must have occurred after the end of his probationary period.
The record shows that the false statements were made on March 25, 1953; that he began teaching in the Dade School System in the Fall of 1954; that his probationary period covering three years was completed and he was given a continuing contract in 1957.
Appellant relies heavily on the case of Laney v. Holbrook, 150 Fla. 652, 8 So.2d 465, 146 A.L.R. 202. We are in accord with the views expressed in that case, but find that they are not controlling in the instant case. The wrongful conduct with which the teacher in that case was charged were separate and distinct acts which could not be said to be of a continuing nature. In the instant case, the charge upon which the appellant was dismissed was ground for removal when it was made and his concealment of the false statements made by him which lead to his employment and later to his gaining continuing contract status, was a continuing deception which constituted immorality from the beginning to its discovery. Every day that the appellant accepted the benefits obtained from his misrepresentation and concealment of the truth, he committed an immoral act which constituted grounds for dismissal.
Our review of the record convinces us that the applicable law was applied and established procedure was followed. It is our opinion that the circuit court was eminently correct in refusing to grant certiorari.
Affirmed.
NOTES
[1] Said letter reads as follows:
 "June 17, 1960
"Mr. Michael A. Negrich
2445 N.W. 38 Street
Miami, Florida

"Dear Mr. Negrich:
"I am exercising my responsibility as superintendent and am suspending you as a teacher in the Dade County School System, effective 3:30 P.M., June 17, 1960. This suspension is made on the grounds that you falsified your records to obtain a position and that your license to practice your profession was obtained fraudulently.
"You are hereby advised that you have ten (10) days in which you may request a public hearing before the Board of Public Instruction. At this time you will be given complete opportunity to present your entire case and be represented by counsel if you so desire.
"Every effort will be exerted by the Board and me to obtain an equitable solution to the problem.
 "Sincerely yours,
 /s/ Joe Hall
 Joe Hall
 Superintendent"

[2] Said resolution reads in part as follows:

"Item # 24,753  `* * * Doctor Butler then moved that upon recommendation of the Superintendent, Mr. Michael Negrich be separated from the Dade County School System, this action to be based upon the record in the case, and to become effective as of 3:30 P.M. June 17, 1960.
"`Mrs. Vosloh seconded the motion * * * after which, vote was taken on the above motion * * * and the Chairman declared the motion adopted.'"
[3] Section 230.23(5)(h) reads as follows:

"Suspension and dismissal.  Suspend or dismiss members of the instructional staff and other school employees; provided, that no administrative assistant, supervisor, principal, teacher, or other member of the instructional staff may be discharged or removed during the term for which he is employed without opportunity to be heard at a public hearing after at least ten days' written notice of the charges against him and of the time and place of hearing; and, provided further, that the charges must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude. Whenever such charges are made against any such employee of the county board, the county board may suspend such person without pay, pending a speedy hearing of such charges, but if charges are not sustained he shall be immediately reinstated, and his back salary shall be paid. In cases of suspension by the county board or by the county superintendent, the county board shall hold a public hearing, after notice as above provided, to determine upon the evidence submitted whether the charges have been sustained and, if such charges are sustained, either to dismiss said employee or fix the terms under which said employee may be reinstated. If such charges are sustained and such employee is discharged, his contract of employment is thereby canceled."
[4] Section 231.36, Fla. Stat., F.S.A., reads in part as follows:

"* * * Effective July 1, 1961, each member of the instructional * * * staff in each county school system * * who holds a regular certificate based at least on graduation from a standard four year college, who has completed three years of service * * * and who has been reappointed in such county for the fourth successive year, shall be entitled to a continuing contract * * *. Each person to whom a continuing contract has been issued, as provided herein shall be entitled to continue in his position * * until such time as the position is discontinued, the person resigns or until his contractual status is changed as prescribed below: * * * (3) Any member of the instructional staff * * * may be dismissed * * * when a recommendation to that effect is submitted in writing to the county board at least three months before the close of school during any year, giving good and sufficient reasons therefor * * *."