James A. WATTS and Walter B. Blue, Appellants,

v.

SEWARD SCHOOL BOARD and Board of Education, Appeal Hearing Committee, Appellees.

No. 427.

Supreme Court of Alaska.

Sept. 21, 1964.

---

Peter B. Walton, of Connolly, Walton & Hammond, Anchorage, for appellant.

Theodore M. Pease, Jr., of Burr, Boney & Pease, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The appeal in this case is from an order of the superior court denying a petition for review from the decision of the Alaska State Board of Education which affirmed the ruling of the Seward School Board that the appellants should not be retained in their postition as school teachers at Seward, Alaska.

In March of 1960 the Seward School Board notified the appellants that it had decided not to retain them as teachers in the school system for the next school year, primarily on grounds of immoral conduct. At the request of the appellants a hearing was held before the School Board in April of 1960. This resulted in the Board affirming its previous decision. The appellants then appealed to the State Board of Education which, after a hearing during the summer of 1960, remanded the case to the School Board for a new hearing and with directions to enter findings of fact and conclusions of law on any action taken. The School Board heard the case again in the fall of 1960, reaffirmed its first decision and later entered findings of fact in support of its action.

The appellants appealed a second time to the State Board and that body in May of 1961 once more affirmed the decision of the School Board but without stating the basis for its ruling. The following month the appellants filed a petition for review in the superior court, attacking, for one thing, the failure of the State Board to enter findings of fact and conclusions of law to support its decision. Judge Fitzgerald of the superior court held a hearing on the petition and thereafter remanded the case to the State Board "to make specific findings of fact and enter concrete conclusions" of law. Without holding any further hearings, the State Board responded to the court's mandate on July 31, 1962, by rendering an opinion which sustained the School Board's nonretention

of the appellant teachers, on two findings of immoral conduct and one of noncompliance with School Board Regulation E–7 regarding the channeling of complaints by school employees to the School Board.

In August of 1962 the appellants filed a second petition for review in the superior court alleging that the State Board acted arbitrarily and capriciously in that its findings and conclusions were not supported by substantial evidence. The petition was heard by Judge Gilbert who denied it summarily, without oral or written opinion and without setting forth any findings. The appellants have now appealed to this court and charge that the superior court erred in failing to vacate and reverse the State Board's decision of July 31, 1962.

The immoral conduct complained of as to the appellant Watts was his holding of private conversations with various teachers in which he solicited their support in an attempt to oust the school superintendent from his job. The allegedly immoral conduct of the appellant Blue was his making of a speech to a labor union at Seward in which he stated, "We have been unable to get rid of the [school] Superintendent, so we are going to get rid of the Board," or words to that effect.

The appellants contend that to justify the discharge of a school teacher on grounds of immorality he must be shown to have conducted himself in a manner that would normally shock the conscience of good men and be sufficiently notorious to impair his services as a teacher in the community. To illustrate this concept of immorality the appellants draw examples from case law in which it was held to constitute immoral conduct for a teacher to imbibe intoxicating liquor on the school premises and offer it to students;[1] to misappropriate school funds;[2] to work as a cocktail waitress in a beer garden and, in the presence of school pupils, to drink beer, play a pinball machine and shake dice with customers for drinks;[3] or to make false statements as in a loyalty oath affidavit.[4]

In none of the cases cited by the appellants did the legislatures in authorizing school boards to dismiss teachers for immorality define that term. This left the courts concerned free to place their own construction upon the word having regard, of course, to the context in which the legislature used it. Thus a New Jersey court stated:

" 'Immorality' is not necessarily confined to matters sexual in their nature. In a given context the word may be construed to encircle acts which are contra bonos mores, inconsistent with rectitude and the standards of conscience and good morals. Its synonyms are: corrupt, indecent, depraved, dissolute; and its antonyms are: decent, upright, good, right. Webster's International Dict. (2d ed.)" [Italics in the original.][5]

The Alaska legislature, however, has seen fit to define "immorality." In providing for notification by the school board to an administrator or teacher of nonretention, "together with a clear statement of cause * * * for such nonretention,"[6] the legislature declared:

"The term 'cause * * * shall be based solely upon: (a) Incompetency * * *; or (b) Immorality which is defined as conduct of the person tending to bring the individual concerned or the teaching profession into public disgrace or disrespect; or (c) Substantial non-

1. Tracy v. School Dist. No. 22, 70 Wyo. 1, 243 P.2d 932, 247 P.2d 153 (1952).

2. Appeal of Flannery, 406 Pa. 515, 178 A. 2d 751 (1962).

3. Horosko v. School Dist., 335 Pa. 369, 6 A.2d 866, cert. denied, 308 U.S. 553, 60 S.Ct. 101, 84 L.Ed. 465 (1939).

4. Negrich v. Dade County Bd. of Pub. Instruction, 143 So.2d 498 (Fla.Dist.Ct. App.1962).

5. Appeal of Schneider, 12 N.J.Super. 449, 79 A.2d 865, 870 (App.Div.1951).

6. § 37–5–11 ACLA Cum.Supp. (1957) [Now AS 14.20.140 and 14.20.150].

compliance with the school laws * * or * * * regulations * * *." [7]

[Emphasis supplied.]

It is evident from the legislature's definition of immorality that it did not confine the meaning of the term to conduct which would normally shock the conscience of good men or offend the morals of the community—definitions urged upon us by the appellants. Instead, the legislature adopted a much broader meaning for the word "immorality" as cause for the nonretention of a school teacher, for it stated that "immorality" should encompass any "conduct of the person tending to bring the individual concerned * * * into public disgrace or disrespect."

In the case at bar the Seward School Board found that the appellant Watts had solicited other teachers to join in an attempt to oust the school superintendent from his job and that Watts' conduct tended to bring him and the teaching profession into public disgrace or disrespect. They made a similar finding with respect to the conduct of the appellant Blue in making the speech to the labor union about getting rid of the School Board. The State Board of Education affirmed these findings and concluded that the conduct of the appellants constituted immorality as defined in the statute and provided sufficient grounds for their nonretention. The State Board further found that there was substantial evidence to support the School Board's findings.

Although there was some conflict in the testimony and although the appellants claim that the trial court should have reversed and vacated the decision of the State Board as not being supported by substantial evidence and as being contrary to law, we fail to find any error committed in the proceedings below. The School Board was the original fact finder and there was substantial evidence in the record to sustain their findings and the additional findings and legal conclusions of the State Board.

In our opinion the tactics shown to have been employed by the appellants to get the school superintendent and members of the School Board removed from their positions of responsibility in the community had a tendency to bring the appellants and the teaching profession into public disgrace or disrespect and sustained the administrative agency findings to that effect.[8]

We agree with the statement made by the court in Horosko v. Mount Pleasant Tp. School District [9] that

"It has always been the recognized duty of the teacher to conduct himself in such way as to command the respect and good will of the community, though one result of the choice of a teacher's vocation may be to deprive him of the same freedom of action enjoyed by persons in other vocations. * * *" [10]

We find it unnecessary to rule on the finding below that further cause for nonretention of the appellants was their alleged noncompliance with the School Regulation E–7 set forth in the margin.[11] However, for the guidance of those in the teaching profession we suggest that it will

---

7. § 37–5–12 ACLA Cum.Supp. (1957) [Now AS 14.20.170].

8. See Keiner v. City of Anchorage, 378 P.2d 406 (Alaska 1963), in which we held at page 411 that the findings of an administrative agency should not be reversed "if in the light of the whole record they are supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

9. 335 Pa. 369, 6 A.2d 866, cert. denied, 308 U.S. 553, 60 S.Ct. 101, 84 L.Ed. 465 (1939).

10. Id. at 868.

11. Regulations E–7 of section I of the Seward School Board regulations provides as follows: "Grievances, complaints and communications from employees shall be submitted to the Board through the Superintendent. Any employee or group

be in the best interests of the school children, the teachers and the community generally for teachers with grievances to follow an orderly procedure of seeking redress first at the superintendent level and then at the school board level.

The appellants voiced a broad and general claim in their brief on appeal that their constitutional rights to assemble and speak freely have been abridged in this case and that they have been deprived of their personal liberties and property rights without due process of law. They treat the subject in a very cursory fashion and cite us to no case law in support of their claim. Under these circumstances we need not consider the point.

For the foregoing reasons the order of the superior court denying the appellants' second petition for review is affirmed.

of employees may at any time appeal to the Board."

Another regulation, E-9, states that "Employees or groups of employees desiring to address the Board shall address their communication to the Superintendent and not to individual members of the Board, except that copies of any communication may be sent to all Board members."