390 So.2d 194 (1980)
Michael N. HERNICZ, Appellant,
v.
STATE of Florida, DEPARTMENT OF PROFESSIONAL REGULATION, Board of Nursing, Appellee.
No. UU-437.
District Court of Appeal of Florida, First District.
November 26, 1980.
C. Allen Watts, of Watts & Biernacki, DeLand, for appellant.
Julious Finegold, Jacksonville, for appellee.
PER CURIAM.
Appellant, an advanced registered nurse practitioner, had his license suspended by the Board of Nursing for treating patients without a physician's supervision. He raises four points in his appeal, only one of which merits discussion.
The hearing officer issued a recommended order that the charges against Hernicz be dismissed. In its final order, the Board accepted the hearing officer's findings of fact, then made "additional findings of fact" to the effect that appellant had examined and treated two named individuals (prescribing medication in one of the cases) without "specific authorization from a licensed physician to perform such treatment... ."
The appellant correctly states that § 120.57(1)(b)(9), Florida Statutes (1979), forbids an agency to "reject or modify the findings of facts unless the agency, first determines *195 from a review of the complete record, and states with particularity in its order, that the findings of fact were not based on competent substantial evidence... ." Appellant is incorrect, however, in contending the Board rejected or modified the hearing officer's proposed findings of fact.
The recommended order quotes the Administrative Complaint against Hernicz, which included the allegation that he treated the two patients, providing medication for one and a type of therapy for the other. The hearing officer, after reciting the factual bases for the complaint, states that the "facts surrounding the allegations in the Administrative Complaint filed herein are not in dispute." Because the hearing officer found the facts to be undisputed, the agency could in its order spell out exactly what those facts were.
Nor was the Board's statement that appellant acted without authorization an improper "additional" finding of fact, because it was not a finding of fact at all but a conclusion of law. It may have been inappropriate for the Board to make such a conclusion in its findings-of-fact section, but misplacement of a conclusion of law does not metamorphose it into a finding of fact. See Sapp v. Florida State Board of Nursing, 384 So.2d 254 (Fla.2d DCA 1980).
There being competent, substantial evidence to support the Board's conclusion, the order appealed is AFFIRMED.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.