PER CURIAM.
The final agency order under review revoking appellant’s liquor license is affirmed upon a holding that: (1) the agency head correctly denied the motion for disqualification, Lash, Inc. v. State, Department of Business Regulation, 411 So.2d 276 (Fla. 3d DCA 1982), (2) the order is supported by substantial, competent evidence, (3) the agency properly rejected proposed facts found to be subordinate, cumulative or unnecessary with the statement that such facts were immaterial or irrelevant, Fla.Admin.Code Rule 28-5.405(3); Forress-ter v. Career Service Commission, 361 So.2d 220 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1366 (Fla.1979); accord, Agrico Chemical Co. v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978), cert. denied sub nom. Askew v. Agrico Chemical Co., 376 So.2d 74 (Fla.1979), and the appellant has failed to demonstrate that the fairness or correctness of the proceedings were materially impaired by the agency’s failure to explicitly rule on each proposed finding of fact, see Parekh v. Career Service Commission, 346 So.2d 145 (Fla. 1st DCA 1977); Sec. 120.68(8), Fla. Stat. (1981), and (4) any error resulting from entry of the final order on July 2, 1981, prior to receipt of appellant’s exceptions to the recommended order, is not material in light of the fact that the exceptions, dated July 6, 1981, were not filed within the requisite ten day period of section 120.57(l)(b)8, Fla.Stat. (1981), when measured from either the date the recommended order was entered (June 19), or the date submitted to the agency and parties (June 23). Sec. 120.68(8), Fla.Stat. (1981).
Affirmed.