# DEPARTMENT OF EDUCATION, EDUCATION PRACTICES COMMISSION, RALPH D. TURLINGTON, as commissioner of Education v. GARDENER

## Case No. 83-2495

State of Florida Division of Administrative Hearings

October 23, 1984

### APPEARANCES OF COUNSEL

**Wilson Jerry Foster** for petitioner.

**Linnes Finney, Jr., Gary, Williams and Walker,** for respondent.

### OPINION OF THE COURT

P. MICHAEL RUFF, Hearing Officer.

Pursuant to notice this cause came on for formal hearing before P. Michael Ruff, Hearing Officer on April 17, 1984, in Fort Myers, Florida.

This cause arose on an Administrative Complaint filed by Petitioner against the Respondent which alleged certain factual and legal issues which the Respondent chose to dispute, thus electing to proceed to formal hearing pursuant to Subsection 120.57(1), Florida Statutes. The matter was referred to the undersigned Hearing Officer and on March

15, 1984, the Petitioner made certain additional findings of probable cause and was granted leave to file an Amended Administrative Complaint against the Respondent.

The Amended Administrative Complaint consists of three counts. The first and second counts charge that the Respondent engaged in the sale of cocaine and offered to sell cocaine; that he was convicted of the crime of the sale of cocaine, a second-degree felony in violation of Section 893.13(1)(a)(1), Florida Statutes, and that this arrest resulted in considerable publicity in the community of Immokalee where the Respondent was employed by the Collier County School Board. These acts and his subsequent conviction are thus alleged to constitute conviction of a felony, gross immorality, acts of moral turpitude and conduct which seriously reduces his effectiveness as a teacher, in violation of Section 231.28, Florida Statutes. The third count accuses the Respondent of fraudulently obtaining his teacher's certificate and an extension of that certificate by lying on his application therefor concerning whether he had ever been convicted of a crime and withholding information about two criminal convictions, also allegedly in violation of the above-cited statute.

The cause came on for hearing on April 17, 1984. At the hearing, Petitioner called three witnesses and introduced eight exhibits into evidence. The Respondent's testimony was presented by deposition pursuant to a stipulation by counsel. At the conclusion of the proceeding the parties ordered a transcript and availed themselves of the right to file proposed findings of fact and conclusions of law, which were timely filed.

All proposed findings of fact, conclusions of law and supporting arguments have been considered. To the extent that they are in accordance with the findings, conclusions and views stated herein, they are accepted. To the extent that the proposed findings, conclusions and arguments asserted are inconsistent herewith, they are rejected. Certain proposed findings and conclusions are omitted as not relevant nor as necessary to a proper determination of the material issues presented. To the extent that the testimony of various witnesses is not in accord with the findings herein, it is not credited. See, *Sonny's Italian Restaurant v. Department of Business Regulation,* 414 So.2d 1156 (Fla. 3d DCA 1982); *Sierra Club v. Orlando Utilities Commission,* 436 So.2d 383 (Fla. 5th DCA 1983).

The issue in this proceeding concerns whether the Respondent, Dan Gardener, committed the acts alleged in the Administrative Complaint and if so, whether his licensure status as a certificated teacher should be subjected to disciplinary action and penalty.

166

## FINDINGS OF FACT

The Respondent, Dan Gardener, is a teacher in the State of Florida, licensed with the Department of Education, holding certificate number 228351. His certificate authorizes him to teach in the areas of guidance, science, elementary education, junior college and mathematics. At the time of his arrest, described below, the Respondent was employed by the Collier County School Board as a teacher at Immokalee Middle School, in Immokalee, Florida.

On or about January 4, 1983, the Respondent was employed at the Immokalee Middle School in Collier County. He had in his possession approximately one gram of cocaine and transferred and sold that cocaine to one John Wesley Riley, a confidential informant for law enforcement authorities. At the time of this sale, the Respondent also offered to sell Riley more cocaine on the following Friday, after school hours, on or near school premises in an area where school buses were parked. As a consequence of these activities, the Respondent was arrested and charged on May 6, 1983, in the Collier County Circuiut Court with the crime of selling cocaine. On May 17, 1983, he was suspended from his teaching position indefinitely, without pay, by the Collier County School Board. The fact of and the circumstances of the Respondent's arrest were known to students, parents and the Respondent's colleagues in the Immokalee community. The fact of the arrest was published in newspapers of general circulation in the Immokalee community and in Collier County.

On December 12, 1983, the Circuit Court of Collier County, Florida adjudicated the Respondent guilty of the crime of "sale of cocaine," a second-degree felony in violation of Section 893.13(1)(a)(1), Florida Statutes. The Respondent was fined and sentenced to a 30-month imprisonment in the state prison, to be followed by 5 years' probation. Respondent is currently serving that prison sentence.

In August, 1970, the Respondent submitted an application for a teacher's certificate to the Florida Department of Education. In that application he was asked if he had ever been arrested or involved in a criminal offense other than a minor traffic violation. The Respondent replied in the negative on his application and certified thereon that all information in the application was true and correct.

In August, 1978, Respondent submitted an application for an extension of his certificate to the Florida Department of Education. On the application he was asked if he had ever been convicted or had adjudication withheld in a criminal offense, other than a minor traffic violation. The Respondent replied in the negative, and certified that all

**167**

information on his application was true and correct. Indeed, the Respondent's replies were deceptive and failed to include any information or reference to past criminal convictions.

In this connection, on April 14, 1958, the Respondent, after entering a guilty plea in the Criminal Court of Record in Polk County, Florida, was convicted of the offenses of reckless driving and using profane, vulgar and indecent language. He was ordered to pay a $50 fine or serve 60 days in the county jail. On August 8, 1960, the Respondent entered a guilty plea to a charge of arson involved in the burning of his own automobile and the filing of a false insurance claim for insurance proceeds from his insurance company. Upon his conviction of this offense of arson, the Respondent was placed on ten years' probation by the court and ordered to make full restitution to the insurance company. The Respondent having conformed to the terms of this probation, the court terminated the probation on April 28, 1966. The information which Respondent failed to disclose was material and pertained to the issue of the Respondent's fitness to receive and hold a teacher's certificate. It could have resulted in the denial of the certificate or the denial of the extension of it, had the Department been informed of the past criminal convictions. The Respondent certified his replies were true and correct, when he knew they were not.

Samuel Ramey Lee, Assistant Superintendent of Schools for Collier County, was qualified as an expert witness in the fields of education and personnel administration, as well as standards of teacher effectiveness as they relate to both Collier County and the State of Florida. The fact of the Respondent's conviction for the cocaine sale was communicated and published to his colleagues in the Collier County school system and to students of that school system and their parents, and to the Immokalee community by newspapers of general circulation. Because of the great public awareness of the fact of the Respondent's conviction for the sale of cocaine, his effectiveness as an employee of the school board in Collier County had been substantially reduced. Parents in that community no longer desire the Respondent to teach their children. Because the Respondent's record of conviction by the court and disciplinary action by the school board will remain a part of his permanent record, should he transfer to any other school system in the state, his effectiveness as teacher in the State of Florida will have been substantially reduced as to his colleagues in the teaching profession in whatever school system he should attempt to become employed.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of the

168

parties to and the subject matter of these proceedings. Section 120.57(1), Florida Statutes (1983).

Section 231.28(1), Florida Statutes (1983) provides that the Education Practices Commission shall have authority to revoke a teaching certificate of any person provided it can be shown that such person:

> obtained the teaching certificate by fraudulent means; . . . has been guilty of gross immorality or an act involving moral turpitude; . . . has been convicted of a misdemeanor, felony or any other criminal charge, other than a minor traffic violation; upon investigation has been found guilty of personal conduct which seriously reduces his effectiveness as an employee of the school board; . . .

In view of the above Findings of Fact and the evidence of record, it is concluded that the Respondent has violated Section 231.28(1), supra, as to all counts of the Administrative Complaint in that he has obtained his teaching certificate and the extension of that certificate by fraudulent means, by failing to disclose crimes of which he had been convicted in the past, other than traffic violations, and by being guilty of gross immorality and committing an act involving moral turpitude because of his conviction of the felony crime of selling cocaine, in violation of Section 893.13(1)(a)(1), Florida Statutes. Additionally, he has been demonstrated to be guilty thereby of personal conduct which seriously reduces his effectiveness as an employee of the school board, as envisioned by the above statute. There is no question, given the above Findings of Fact, that the Respondent failed to disclose his prior criminal convictions, one of which was for the felony crime of arson, upon his application for a teaching certificate and his application for an extension of that certificate at a later time. He was thus dishonest by failing to reveal these convictions and inducing the Petitioner to license him, and later to extending his licensure by this dishonest act. A fraudulent act is one characterized by dishonesty and deception of others, which is clearly the situation here when the Respondent knowingly failed to disclose the prior criminal convictions. See, *Davis v. Board of Real Estate,* Case No. 80-4023 (Recommended Order filed May 8, 1981). Fraud in the teacher application process is an exception to the general rule that acts committed prior to licensure of a teacher may not be the basis for revocation or otherwise disciplining a teacher. See, *Laney v. Holbrook,* 8 So.2d 465, 486 (Fla. 1942); *Negrich v. Dade County Board of Public Instruction,* 143 So.2d 498 (Fla. 3rd DCA 1962).

In connection with the Respondent's conviction of a second-degree felony involving the sale of cocaine and the offer to sell it on or near

the school premises, at the school bus parking area, the Petitioner charges that those acts are acts of moral turpitude and constitute gross immorality for purposes of the above statute. Although the above-quoted statutory section contains no definition of "gross immorality," guidance is afforded by Petitioner's Rule 6B-4.09(2), Florida Administrative Code, which defines immorality as "conduct that is inconsistent with the standards of public conscience and good morals. It is conduct sufficiently notorious to bring the individual concerned or the education profession into public disgrace or disrespect and impair the individual's service in the community." The term "gross" within the statutory term "gross immorality" is viewed as immorality involving acts which are serious rather than minor in nature, and which involve a flagrant disregard of the standard of moral conduct embodied in the above rule. See, *Education Practices Commission v. David Michael Knox,* Case No. 81-056 (Recommended Order filed May 18, 1981, Final Order entered June 29, 1981). See also, *Negrich v. Dade County Board of Public Instruction, supra.*

It is clear that the sale of an illicit drug which has spawned so much grief and misery for individuals, families and society in general, is sufficiently notorious conduct, inconsistent with standards of conscience and good morals, as evidenced by it being made a felony by the legislature, as to constitute a flagrant disregard of appropriate moral standards, especially those to which individuals in a public trust position are held accountable. School teachers are indeed held to high standards of conduct because of the nature of their profession, as found by the First District Court of Appeal in *Tomberlin v. Dade County School Board,* 318 So.2d 159, 160 (Fla. 1st DCA 1975):

> A school teacher holds a position of great trust. We entrust the custody of our children to the teacher. We look to the teacher to educate and prepare our children for adult life. To fulfill this trust, the teacher must be of good moral character; to require less would jeopardize the future lives of our children.

It must be concluded that the act of selling cocaine and the offer to sell it, especially on or in close proximity to school premises, is clearly an act of gross immorality.

"Moral turpitude" has been defined in *State ex rel. Tullidge v. Hollingsworth,* 146 So. 660, 661 (Fla. 1933) as follows:

> Moral turpitude involved the idea of inherent baseness or depravity in the private, social relations or duties owed by man to man, or man to society. (Citation omitted) It has also been defined as anything done contrary to justice, honesty, principle, or good morals . . ..

170

See also, *Winestock v. Immigration and Naturalization Service,* 576 Fed.2d 234 (9th Cir. 1978). In short, there simply is no question that guilt of a felony involving the sale of cocaine in violation of Section 893.13(1)(a)(1), Florida Statutes, is clearly an act of moral turpitude, especially when perpetrated by one in a position of trust such as a school teacher.

Finally, Rule 6B-1.01(3), Florida Administrative Code, requires a teacher to strive to achieve and sustain a high degree of ethical conduct. The above Findings of Fact reveal that the Respondent has indeed acted contrary to the intent and spirit of this rule and manifested a knowing disregard and confidence of his colleagues, of students and parents, and of other members of the community. In view of the testimony of expert witness Samuel Lee, together with the fact that the Respondent's conviction of this particular felony was communicated to other students, the Respondent's colleagues in the Collier County School System, as well as to parents of students and others in the community, his effectiveness as a teacher has been seriously reduced both as an employee of the school board and as licensed teacher anywhere in the state of Florida.

In summary, the acts of the Respondent charged in the Administrative Complaint have clearly been proven. They constitute gross immorality, acts of moral turpitude and personal conduct that seriously hampers the Respondent's effectiveness as a teacher and as an employee of the school board. This, as well as the proof that the Respondent was licensed through fraudulent means, reveals that all charges have been proven and all of the conduct to which they relate is in violation of Section 231.28(1), Florida Statutes. The Respondent's failure to disclose the fact of his prior serious criminal conduct and his guilt and conviction of more recent, serious criminal conduct reveals that he has little apparent regard for the high degree of public trust imposed in him as a school teacher, and mandates the imposition of a serious penalty.

## RECOMMENDATION

Having considered the foregoing Findings of Fact and Conclusions of Law, the evidence of record and the candor and demeanor of the witnesses, it is, therefore

RECOMMENDED:

That the teacher's certificate of the Respondent, Dan Gardener, be permanently revoked.