482 So.2d 475 (1986)
FEDERAL PROPERTY MANAGEMENT CORP., Richmond Healthcare, Inc., Healthcare and Retirement Corp. of America, and Health Quest Corp., Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. BE-346, BE-354, BE-360 and BE-414.
District Court of Appeal of Florida, First District.
January 20, 1986.
*476 Robert D. Newell, Jr., P.A., Tallahassee, for FPMC.
Richard G. Coker, Jr., Fort Lauderdale, for Richmond.
Alfred W. Clark, Laramore & Clark, P.A., Tallahassee, for Health Care & Retirement Corp.
Charles M. Loeser, Asst. Gen. Counsel, South Bend, Ind., for Health Quest Corp.
Jay Adams, Deputy Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
JOANOS, Judge.
The appellants in these consolidated appeals seek review of a final order of the Department of Health and Rehabilitative Services (HRS) denying their applications for Certificates of Need. We affirm in part, reverse in part and remand the order to HRS for a proper application of its need methodology formula.
Appellant Federal Property Management Corporation filed an application for a certificate of need seeking to construct a 240-bed nursing home facility in Broward County; appellant Richmond Healthcare, Inc. applied for a certificate of need for 240 nursing home beds in Broward County; appellant Health Care and Retirement Corporation of America applied for a certificate of need for 120 nursing home beds in Broward County; and appellant Health Quest Corporation applied for a certificate of need for 180 nursing home beds in Broward County. Following HRS denial of the applications, appellants filed a request for a formal administrative hearing pursuant to Section 120.57, Florida Statutes.
The cases were assigned to a Division of Administrative Hearings officer and, upon motion of HRS, the cases were consolidated. After many continuances, a final hearing was held in Fort Lauderdale on January 23 to 27, 1984. The primary issue at the hearing, and on this appeal, was whether there exists sufficient evidence of exceptional circumstances in Broward County to warrant the addition of *477 nursing home beds beyond the projected bed need established through application of the bed need methodology set forth in Florida Administrative Code Rule 10-5.11(21).
Appellants presented extensive testimony and evidence that demonstrated, among other things: (1) that Broward County has the highest percentage of persons aged 75 and over of any county in the state (35.4% in Broward County as opposed to 6.5% statewide); (2) that 70% of nursing home use comes from the 75 and over age group; (3) that the HRS need methodology encompasses all persons aged 65 and over, without an adjustment for the age 75 and over category; (4) that the new Medicare regulations which structure reimbursement on Diagnostically Related Groups will result in shorter stays in acute care hospitals and will increase the need for community nursing home beds; (5) that approximately 90 licensed nursing home beds in Broward County have been taken out of service, which has the effect of lowering costs of operation and permits the operators to increase the rates charged for nursing home care; (6) that some nursing home facilities in Broward County cater exclusively to private pay patients; (7) that HRS personnel experience some difficulty in finding nursing home placements for Medicaid patients in Broward County, therefore Medicaid patients remain in acute care hospital beds while awaiting nursing home beds; and (8) that HRS has improperly characterized three facilities as nursing home facilities for purposes of computing the nursing home bed inventory. In addition, expert witnesses testifying on behalf of appellants, considered data prepared by HRS personnel, and concluded that a minimum of 800-1,000 additional beds could be approved for Broward County without lowering the occupancy rate below the 80% level which HRS has determined to be the minimum acceptable occupancy level for Broward County.
The hearing officer found that special circumstances in Broward County warranted deviation from the Department's bed need methodology, and recommended approval of all the certificate of need applications. In its final order, HRS accepted most of the hearing officer's findings of fact but denied each of the applications for a certificate of need, on the ground that the evidence was insufficient to demonstrate an increase in bed need beyond the increase projected by the bed need methodology.
When considering a health care provider's contentions on appeal from a denial of a certificate of need, this court "must affirm the decision of the Department unless the decision is found to be arbitrary, capricious, or not in compliance with [the Administrative Procedures] act." Section 381.494(8)(e), Florida Statutes (1983); Gulf Court Nursing Center v. Department of Health and Rehabilitative Services, 483 So.2d 700 (Fla. 1st DCA 1985); System Development Corporation v. Department of Health and Rehabilitative Services, 423 So.2d 433 (Fla. 1st DCA 1982). Thus, the limitations on the scope of appellate review of agency action which appear in Chapter 381 dealing with public health, must be construed in pari materia with Section 120.68(12), Florida Statutes, which provides in part that a reviewing "court shall not substitute its judgment for that of the agency on an issue of discretion."
Our review of the applicable statutory and rule criteria in the instant case reflects that appellants have not shown that HRS acted arbitrarily or capriciously in denying the certificates of need sought. Nor can we say that the Department abused its discretion in determining that, in the totality of the circumstances, the evidence presented by appellants failed to demonstrate an increase in bed need. The Department's determination that factors other than the numerical need projected by the rule do not reach the level of exceptional circumstances so as to justify deviation from the rule methodology, is a conclusion of law and is therefore a matter within the permissive range of agency discretion.
We do find, however, that the Department has improperly applied the rule formula by counting a Christian Science Facility *478 and two licensed specialty hospitals as nursing home facilities. Christian Science Facilities are by statute, expressly excluded from consideration as health care facilities. § 381.493(3)(g), Fla. Stat. (1983). By the same token, a specialty hospital is defined in Section 395.002(14), Florida Statutes (1983), as a facility which provides general hospital services to a defined age or general group of the population, or as a facility that provides a restricted range of services appropriate to diagnostic care and treatment of patients with specific categories of illness. Accordingly, we reverse and remand for a proper application of the rule formula, that portion of the final order in which HRS characterized as immaterial the fact that HRS has included in its nursing home bed inventory a total of 340 beds in a Christian Science Facility and two specialty hospitals.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.