DOWNEY, Judge.
Appellant, Humana, Inc., d/b/a Cypress Community Hospital (Cypress), appeals from a final order of the Department of Health and Rehabilitative Services (HRS) denying its application for a certificate of need (CON) and approving the competing applications of appellees, Plantation General Hospital (Plantation) and North Broward Hospital District d/b/a North Broward Hospital (NBH) for cardiac catheterization laboratories (cardiac cath labs) in Broward County. We affirm the agency’s final order.
Cypress, Plantation, and NBH submitted CON applications to HRS seeking to establish cardiac cath labs at their respective facilities. Prior to HRS’s review of the three applications, they were submitted to the Broward County Health Planning and Development Council for its recommendation. The board of directors and the project review committee of the council voted to approve NBH’s and Plantation’s application and to disapprove the application of Cypress. However, HRS denied all three applications, and each applicant petitioned for a formal hearing, challenging the denials.
After HRS initially denied all three applications, but before the administrative hearing was held, rule 10-5.11(15), Florida Administrative Code, was amended to establish a mathematical formula for calculating and projecting the need for cardiac cath labs. The pertinent provisions of the rule state:
(f) Departmental Goal. The Department will consider applications for cardiac catheterization laboratories in context with applicable statutory and rule criteria. The department will not normally approve applications for new cardiac catheterization laboratories in any service area unless additional need is indicated, as calculated by the formula in paragraph (1) below, ...
[[Image here]]
(1) Need Determination. The need for cardiac catheterization capacity in a service area shall be determined by computing the projected number of cardiac cath-eterization procedures in the service area. The following formula shall be used in this determination:
Nx = Uc x Px
Where:
Nx = Number of catheterization procedures projected to be delivered in Year X;
Uc = 1981 use rate (number of procedures per hundred thousand population) in the service area;
Px = Projected population in the service area in Year X; and
Year X = The year in which the proposed cardiac catheterization laboratory would initiate service, but not more than two years into the future.
After rule 10-5.11(15) was amended, and -before the hearing in this case, NBH, Plantation, Cypress and others challenged the rule’s validity on several grounds, including use of 1981 as the base year for calculating need. It was contended, inter alia, that the rule's use of 1981 as the base year for calculating need was arbitrary and capricious and would understate the utilization of cardiac cath services. The hearing officer upheld the validity of the rule, concluding that the method is not without explanation or rational basis in fact and it does not preclude a consideration of factors other than the numerical need for additional facilities in a service area. The hearing officer’s “well-reasoned” order was recently affirmed in Humana, Inc. v. Department of Health and Rehabilitative Services, 469 So.2d 889 (Fla. 1st DCA 1985). The appellate court stated:
Rule 10-5.11(15)(f) ... contains the provision that the Department will not normally approve new labs unless additional need is indicated by the formula methodology contained in Rule 10-5.11(15). Thus, the numerical factor does not rigidly control the granting or withholding of approval. As pointed out by the hearing officer, should the formula methodology in Rule 10-5.11(15) result in an underestimation of the need for additional services in an area, the applicant has the opportunity to demonstrate need by showing that existing facilities are unavailable or inaccessible, the quality of care in the *391 service area is suffering from overutili-zation, or by providing other information to illustrate that the situation is not “normal” in the service area.
Id. at 891.
At the administrative hearing in the instant case, following the amendment of rule 10-5.11(15), HRS modified its position on the need for additional cardiac cath services in Broward County. Applying the amended rule, HRS submitted there was a need for two additional cardiac cath labs.' After comparing the three CON applications, HRS determined and maintained at the hearing before the hearing officer that the applications of NBH and Plantation were superior to that of Cypress and that NBH and Plantation should be awarded CONs to establish cardiac cath labs. NBH, Plantation and Cypress each took the position at the hearing that its application should be approved and that approval of all three applications would be appropriate.
All parties agreed at the hearing that 1986 was the appropriate year to assess the need for these applications. In applying the rule formula, it was established through testimony of health planning officials that the 1981 use rate of 3.37, multiplied by the 1986 population estimate, projected need in 1986 for 4,013 catheteri-zations to be performed. Dividing that figure by the low average standard figure of 600 catheterizations to be performed per lab, yielded a total of 6.68 labs needed. Five labs already exist in Broward County. Therefore, only 1.68 more labs, rounded off to two more labs, would be needed in 1986 according to the rule formula. Testimony was also presented, however, that the utilization of cardiac cath procedures had increased approximately thirty percent over the past few years and that the procedures actually performed in 1982 and 1983 far exceeded the projected total for 1986 per the rule formula.
The hearing officer thereafter entered his recommended order, which recognized that a need for only two additional cardiac cath labs was indicated under rule 10-5.-11(15), but concluded that this case was taken out of the rule because, by using 1981 as the base year, the rule’s methodology understated the utilization of cardiac cath services in Broward County. The hearing officer relied on 1982 and 1983 data instead, and determined that there would be a need for three additional cardiac cath labs in Broward County in 1986. Because the hearing officer found a need for three additional labs, he concluded that a comparison of the merits of the applications was unnecessary. The hearing officer recommended that HRS issue CONs to all three applicants. HRS filed exceptions to the hearing officer’s conclusion.
In its final order, HRS rejected the hearing officer’s recommendation that all three applicants be awarded CONs, concluding that the recommended order was based upon an erroneous, inappropriate interpretation and application of rule 10-5.11(15). HRS held that rule 10-5.11(15) applied and that, under the rule’s methodology, there was a need for only two additional cath labs. HRS stated: “The record fails to justify an exception to the stated rule, i.e., fails to show that, if two laboratories were added rather than three, people would be denied access to cardiac catheterization services, existing laboratories would be overcrowded, or the quality of care would be diminished.”
Because the hearing officer’s recommendation to award three CONs was rejected, HRS found it necessary to determine which two applications were superior. Following a review of the complete record, which included a transcript of the hearing (wherein most of the evidence presented was intended to show that each hospital’s application was superior to the others), HRS found that the applications of NBH and Plantation were superior to that of Cypress. HRS then awarded CONs to NBH and Plantation and denied Cypress’s application.
On appeal, Cypress raises four points, only two of which we deem worthy of discussion. First, Cypress contends that the hearing officer’s determination of need for three additional cardiac cath labs was a *392 finding of fact, which HRS unlawfully rejected. Second, Cypress contends that, if HRS was correct in finding a need for only two cardiac cath labs, the case should be remanded to the hearing officer for comparative review of the three CON applications.
As to Cypress’s first contention, HRS’s final order rejected the hearing officer’s use of 1982 and 1983 data and the finding based thereon that there was a need for three additional cardiac cath labs. In its conclusions of law HRS rejected the hearing officer’s overall recommendation because it was based upon an erroneous interpretation and application of rule 10-5.-11(15). Thereafter, HRS correctly applied the rule, which showed a need for two additional labs, noting that the validity of the 1981 use rate in the rule had been reinforced in another case. HRS then recognized that an exception could be made to the rule, but here the record failed to justify an exception because there was a failure to show that, if two labs were added rather than three, people would be denied access to cardiac cath services, or existing labs would be overcrowded, or the quality of care would be diminished.
HRS and NBH maintain that HRS's rejection of the officer’s “finding” of need was the agency’s rejection of the officer’s interpretation of the agency rule, rather than a rejection of any underlying facts. They submit further that HRS properly rejected the officer’s recommended order because the officer was wrong as a matter of law in using a variation on rule 10-5.-11(15) in determining need, and because insufficient evidence was presented to demonstrate need by other criteria that would justify an exception to the rule (ie., accessibility, quality of care, etc.). We agree.
While the use of the 1982 and 1983 utilization data is properly taken into consideration in determining whether the 1981 use rate under the rule formula results in an underestimation of the need for additional services in the area, the use of the more current data alone is not sufficient to justify an exception to the rule. The applicant must demonstrate and there must be some finding of fact that, without the requested lab, the existing facilities are (or will be) unavailable or inaccessible, or the quality of care is (or will be) suffering from overutilization, or other evidence of that nature. See Humana, Inc. v. Department of Health and Rehabilitative Services, 469 So.2d 889 (Fla. 1st DCA 1985); South Sarasota County Memorial Hospital Association, Inc. v. Department of Health and Rehabilitative Services, DOAH Case No. 83-3577, 7 F.A.L.R. 1345 (Feb. 12, 1985).
As noted in Federal Property Management Corp. v. Department of Health and Rehabilitative Services, 482 So.2d 475 (Fla. 1st DCA 1986), “[w]hen considering a health care provider’s contentions on appeal from a denial of a certificate of need, this court ‘must affirm the decision of the Department unless the decision is found to be arbitrary, capricious, or not in compliance with [the Administrative Procedures] Act’ ” and “a reviewing ‘court shall not substitute its judgment for that of the agency on an issue of discretion.’ ” Section 120.57(l)(b)(9), Florida Statutes, states that “[t]he agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order,” and it has been held that, under this provision, it may do so without limitation. Alles v. Department of Professional Regulation, 423 So.2d 624, 626 (Fla. 5th DCA 1982). Additionally, the agency’s interpretation of its own rule is entitled to great weight and persuasive force in the appellate court. E.g., Cohen v. School Board of Dade County, 450 So.2d 1238, 1241 (Fla. 3d DCA 1984). Moreover, it has recently been held that an HRS “determination that factors other than the numerical need projected by the rule do not reach the level of exceptional circumstances so as to justify deviation from the rule methodology, is a conclusion of law and is therefore a matter within the permissive range of agency discretion.” Federal Management Property Corp. v. Department of Health and Rehabilitative Services, 482 So.2d 475 (Fla. 1st DCA 1986). *393 Thus, the agency’s order herein was properly entered within its discretion and, therefore, this court is precluded from substituting its judgment for that of the agency-
We must next consider Cypress’s contention that, if a need for only two cardiac cath labs was shown, the case should be remanded to the hearing officer for comparative review of the three CON applications because (1) the failure of the hearing officer to rule on findings that went to the heart of the case impaired the fairness or correctness of the proceedings, and (2) HRS’s conclusion in its final order that the applications of NBH and Plantation are superior to Cypress’s is not supported by competent substantial evidence.
Essentially, Cypress argues that, because the hearing officer declined to rule on Cypress’s proposed findings of fact, HRS was without authority to create new ones. Cypress submits that the agency may only reject or modify findings of fact after determining that the officer’s findings were not based on competent substantial evidence. However, the hearing officer found it unnecessary to compare the applications and, therefore, made no findings on their merits. See Sonny’s Italian Restaurant and Pizzeria, Inc. v. Department of Business Regulation, 414 So.2d 1156, 1157 (Fla. 3d DCA 1982) (appellant failed to demonstrate that the fairness or correctness of the proceedings was impaired by the agency’s failure to explicitly rule on each proposed finding of fact). HRS disagreed with the hearing officer’s conclusion that three cath labs were needed and, consequently, the merits of the applications came into play.
NBH submits that HRS’s findings of fact on comparative superiority were proper and necessary because HRS clearly had no authority to remand the proceeding back to the hearing officer after issuance of its recommended order. See, e.g., Henderson Signs v. Florida Department of Transportation, 397 So.2d 769, 772 (Fla. 1st DCA 1981). In any event, even if the agency had some inherent power to remand, a decision not to remand would be a matter within the sound discretion of the agency itself, not subject to reversal by this court absent a showing of abuse of that discretion. Florida Department of Transportation v. J.W.C. Company, Inc., 396 So.2d 778, 786 (Fla. 1st DCA 1981).
HRS and NBH also maintain that, having successfully argued below that a remand in this case was improper, Cypress should not now be allowed to argue that its rights can only be vindicated by a remand. Cypress conceded below, in its response to HRS’s exception to the recommended order seeking remand for a determination on the merits of the applications, that “the Department’s requested relief of remand is totally inappropriate and ihust therefore be disregarded.”
We find that a remand for further proceedings is not necessary to resolve any issue presented in this appeal. The agency did not commit any procedural error that impaired either the fairness of the proceedings or the correctness of the action, see section 120.68(8), Florida Statutes, nor did the agency’s action depend on any finding of fact that is not supported by competent substantial evidence, see section 120.68(10), Florida Statutes. The agency’s actions in this case are similar to those found permissible in Hernicz v. State, Department of Professional Regulation, 390 So.2d 194 (Fla. 1st DCA 1980). In that case, a nurse practitioner appealed the suspension of his license by the Board of Nursing for treating patients without a physician’s supervision. The hearing officer had recommended that the charges against the nurse practitioner be dismissed. The Board accepted the hearing officer’s findings of fact, then made “additional findings of fact” to the effect that appellant had examined and treated two named individuals (prescribing medication in one of the cases) without “specific authorization from a licensed physician to perform such treatment.” Id. at 194. The district court held that the agency (Board of Nursing) did not reject or modify the hearing officer’s pro *394 posed findings of fact where the officer had found certain facts to be undisputed, and the agency could, in its order, spell out exactly what those facts were. Further, the court held that the Board’s statement that appellant acted without authorization was not an improper additional finding of fact because it was actually a conclusion of law that was improperly placed in its findings of fact, and there was competent substantial evidence to support the Board’s conclusion. In the instant case, the hearing officer stated in the recommended order that each of the applicants maintained that its application was superior to the others, and the findings of fact portion stated:
[E]ach of these applicants was denied a CON by HRS, which now takes the position that two of the three applications should be granted. Stipulations of the parties and evidence of record in this proceeding affirmatively establish that North Broward, Plantation, and Cypress each meet applicable statutory and rule criteria to entitle them to the issuance of the requested CON.
Based on the foregoing finding, HRS was justified in setting forth in its order the competent substantial evidence in the record showing that the applications of NBH and Plantation satisfied the statutory and regulatory criteria better than the application of Cypress, and in concluding as a matter of law that those applications were superior when compared to Cypress, since only a need for two cardiac cath labs was established.
Cypress has failed to overcome the presumption of the correctness of the agency’s order or to demonstrate reversible error. Accordingly, HRS’s final order denying a certificate of need for a cardiac cath lab to Cypress and approving the applications of NBH and Plantation for such certificates is affirmed.
HERSEY, C.J., and GLICKSTEIN, J., concur.